Judge Underwood
delivered the opinion of the'Court.
This case was decided upon bill,-answer, exhibits and the deposition of Elliott, cashier of the branch of the Bank of the Commonwealth, at Hartford. These' facts are established. That Vaughan executed to Hillyer, a note for $20, but at what time does not appear; that Vaughan executed a nóte for $50 some cents, to R. Streshley, who assigned it to ll. Pollett, and Co.; who assigned it to Hillyer, who instituted suit thereon and recovered judgment; that Vaughan paid Hillyer $50, on the 14th July, 1823, taking a receipt therefor, in which Hillyer States that be had received the moneylton account;” and that Piillyer had paid considerable sums of money for the use of Vaughan, to said branch bank, of which, more than $50 had been paid anterior to the date of the receipt. *584 On the final hearing, the court decreed that the injünc^ tion should be perpetuated in part, dissolved in part; and that Hillyer be perpetually restrained from col» lecting the note for $20; to reverse which decree, this writ of error is prosecuted.
Denny, for plaintiff.
The bill alleges that the $50 were paid to Hillyer with a distinct understanding that they were to be applied, first, in discharge of the $20 note; and the residue to be credited on the note for $50 some ¿ents. This is positively denied by Hillyer, who says the money was received upon and in payment of an ojpen account, as the receipt purports. There is no evidence on the' subject, other than that which the receipt furnishes, and the facts already set forth.
It cannot be doubted but that a debtor, at the time Of payment, has a right to designate the debt on which the credit shall be given, but if he does not make his election at the time, then the creditor may apply the payment, or it shall be applied, in case of litigation, by the court, according to the dictates of equity. As the allegation of Vaughan is positively denied by Hill-yer, we are left to consult the language of the receipt; for the purpose of ascertaining the intent of the parties. From that, we cannot resist the conviction, that the payment was made on an open account, due by Vaughan to Hillyer. The evidence of the receipt, connected with the deposition of Elliott, shows the. existence of an open account, for money laid out and expended; and there is nothing in the record which will authorize us to say, that the account had ever been closed by the note for $20, and there was no attempt to show that it had been discharged, unless by the payment of the $50* There is no ground upon ‘ which to indulge the conjecture that Hillyer was making voluntary payments to the bank; for Vaughan, so that he was not entitled to reimbursement.
The decree must be reversed, and the complainant’s bill dismissed with cost, and his injunction, so far as it had been retained, dissolved with damages. The plaintiif in error must recover his costs.